Adrienne SMITH, Appellant

v.

WORLD BANK GROUP and Jim Yong Kim, President, World Bank Group, Appellees

No. 16–7003

United States Court of Appeals, District of Columbia Circuit.

June 23, 2017

Samuel Bailey, Jr., Samuel Bailey & Associates, LLC, Washington, DC, for Appellant.

Jeffrey T. Green, Sena Noor Munasifi, Esquire, Sidley Austin LLP, Washington, DC, for Appellees.

Before: Srinivasan and Pillard, Circuit Judges, and Edwards, Senior Circuit Judge.

## JUDGMENT

This cause was considered on the briefs and appendix filed by the parties. See FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Appellant Adrienne Smith ("Smith") filed a complaint against World Bank Group and its President, Jim Yong Kim ("Appellees"), alleging that she was a victim of race discrimination in her employment with the World Bank. The District Court, relying on this court's decision in *Mendaro v. World Bank*, 717 F.2d 610 (D.C. Cir. 1983), dismissed the complaint on the ground that Appellees were immune from suit under the International Organizations Immunities Act ("IOIA"), 22 U.S.C. § 288, *et seq.* Smith moved for reconsideration, resting on two points: first, Smith claimed that her complaint fell within the "commercial activity" exception to immunity, as codified in the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et seq.*; and, second, she contended that her complaint satisfied *Mendaro's* "corresponding benefit" test, which has the effect of waiving Appellees' immunity under the IOIA. The District Court denied Smith's motion for reconsideration, relying on both *Mendaro* and this court's decision in *Atkinson v. Inter–American Development Bank*, 156 F.3d 1335 (D.C. Cir. 1998), which rejected the application of the FSIA's economic activity exception to immunity under the IOIA.

In her appeal to this court, Smith argues for the first time that *Mendaro* is not binding law of the circuit and that *Atkinson's* holding has been undermined by subsequent Supreme Court authority. She also renews her contentions that her complaint falls within the "commercial activity" exception or satisfies *Mendaro's* "corresponding benefit" test. We reject Smith's belated challenges to the validity of *Mendaro* and *Atkinson*. These claims were forfeited when Smith failed to raise them in the first instance with the District Court. *See Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). We find no merit in Smith's remaining arguments. We reach this decision largely for reasons stated in the court's decision in *Jam v. International Finance Corp.*, No. 16–7051, which has been issued simultaneously with this judgment. As is clear from the holdings in *Jam*, Smith's complaint in this case is squarely barred by *Mendaro* and *Atkinson*. Accordingly, we affirm the District Court's dismissal and

denial of Smith's motion for reconsideration.

Pursuant to Rule 36 of this Court, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.